UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. WATSON,

                                    Petitioner,

          -against-

PEOPLE OF THE STATE OF NEW YORK,
ATTORNEY GENERAL LETITIA JAMES,

                                    Respondent.

26-CV-4718 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, who resides in Brooklyn, New York, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 *pro se.* He challenges his 2004 conviction from the New York State Supreme Court, New York County. By order dated June 17, 2026, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

In 2004, Petitioner Joseph J. Watson was convicted of grand larceny and criminal possession of stolen property in New York State Supreme Court, New York County. On October 27, 2004, Petitioner was sentenced as a second felony offender to 7 to 14 years' incarceration and ordered to pay $463,050 in restitution to Budget Credit and Counseling Services, Inc. (ECF 1-1 at 46.) The sentencing court directed Petitioner, within four months of sentencing, to pay $23,000 in restitution from accounts in his name that had been identified. (*Id.* at 21-22, ¶ 6.) The order of sentence and commitment dated June 14, 2005, which is attached to the petition, states that "[a]n additional one year (1 yr) is to be added to the sentence imposed on October 27, 2004 on this indictment for failure to pay restitution payments." (ECF 1 at 46.) Petitioner contends that he is subject to a "lifetime restitution order."[1] (*Id.* at 43-44.)

In this Section 2254 petition, Petitioner "requests that the court order the return of the $23,000 taken by the Manhattan Dist. Attorney's Office, direct the return of three vehicles, dismiss the indictment, and vacate the conviction."[2] (ECF 1 at 15.) He asserts the following

---

[1] According to a copy of the transcript of a June 14, 2005 hearing, the sentencing judge stated that the one year of additional jail time "does not preclude the People from continuing to pursue, essentially for as long as Mr. Watson is alive, any money that he may ultimately find or come into . . . ." (ECF 1 at 56.)

[2] According to documents attached to the petition, in a separate civil forfeiture action, the District Attorney sought forfeiture of $223,147 and several vehicles. (ECF 1-1 at 23, ¶ 13; id. at 46.) On January 6, 2005, the District Attorney moved for a default judgment in the civil forfeiture action. (ECF 1-1 at 48.)

grounds for relief: (1) the indictment was defective and the trial court lacked jurisdiction; (2) he was denied the right to confront witnesses against him; (3) grand jury proceedings were defective and fraudulent; and (4) additional unspecified issues, described as issues that "went to the state highest court by a 440 motion." (ECF 1 at 10.)

Before filing this petition, Petitioner had already brought numerous prior Section 2254 petitions challenging the same conviction. *See, e.g., Watson v. People of the State of New York*, No. 19-CV-0707 (LJL), 2020 WL 7773477, *2 (S.D.N.Y. Dec. 30, 2020) (dismissing petition for lack of jurisdiction because "Petitioner was discharged from parole and completed his sentence on June 7, 2019" and he did "not identify any continuing restraints on him that would place him 'in custody' on the challenged conviction or sentence"); *Watson v. Bezio*, No. 11-CV-3591 (PGG), 2012 WL 2389753, at *1 (S.D.N.Y. June 25, 2012); *Watson v. Vance,* No. 10-CV-9001 (NRB) (S.D.N.Y. Mar. 15, 2011); *Watson v. LeClair*, No. 09-CV-4870 (KMW) (S.D.N.Y. May 26, 2009); *Watson v. Annetts*, No. 05-CV-1822 (MBM) (S.D.N.Y. Mar. 25, 2005).

The Court of Appeals for the Second Circuit recently concluded, however, that none of Petitioner's prior Section 2254 petitions had been adjudicated on the merits. *See Watson v. People of the State of New York*, No 26-CV-0574, 4 (S.D.N.Y. Jan. 23, 2026) (transferring Section 2254 petition to court of appeals for authorization to proceed as successive petition), *motion denied*, No. 26-251 (2d Cir. Apr. 13, 2026) (motion for leave to file successive petition denied as unnecessary give that Petitioner's "proposed § 2254 claims are not successive because his previous petitions were not 'decided on the merits.'") (citation omitted). The Second Circuit further held that transfer of the Section 2254 petition before it to the district court was not in the interest of justice, given that "the district court would lack jurisdiction over Petitioner's claims because he does not satisfy the 'in custody' requirement of 28 U.S.C. § 2254." *Id.*

**DISCUSSION**

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a § 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

The Court of Appeals has already concluded that Petitioner is no longer in custody on his fully expired 2004 conviction. *See Watson*, No. 26-251 (holding that transfer to the district court was not in the interest of justice given that "the district court would lack jurisdiction over Petitioner's claims because he does not satisfy the "in custody" requirement of 28 U.S.C. § 2254.").[3] Accordingly, because Petitioner is not in custody on the challenged conviction, the Court lacks jurisdiction of the claims in this Section 2254 petition.

---

[3] For Petitioner's benefit, the Court notes that "[r]estitution orders . . . rarely impose such severe restraints on liberty to amount to being 'in custody'" for purposes of a *habeas* petition. *United States v. Lion*, No. 3:19-CR-00138 (JCH), 2025 WL 451364, at *3 (D. Conn. Jan. 9, 2025) (citing *United States v. Rutigliano*, 887 F.3d 98, 104-06 (2d Cir. 2018)); *see Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003) ("Several circuits have held that neither a fine nor an order of restitution amounts to custody . . . But we have, to date, not adopted a rule declaring fines and restitution orders to be, *ipso facto,* noncustodial. . . . Whether a fine or restitution order could ever be such a restraint on the liberty of a petitioner as to amount to custody is a question we need not reach today.").

**CONCLUSION**

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied for lack of jurisdiction because Petitioner is not in custody on the challenged conviction. Judgment shall enter.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:    June 18, 2026
          New York, New York

                                        Louis L. Stanton
                                        Louis L. Stanton
                                        U.S.D.J.